**Richard S. LEVY, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–1174.**

United States Court of Veterans Appeals.

Nov. 9, 1993.

**24**

Richard S. Levy, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and

Jacqueline M. Sims, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

NEBEKER, Chief Judge:

Appellant, Richard S. Levy, appeals from a September 15, 1992, decision of the Board of Veterans' Appeals (BVA) which determined that he was not entitled to hospital or nursing home care without co-payment. He filed an informal brief and a motion for a court order in his favor. The Secretary filed a brief. The Court affirms the BVA's decision.

## I. FACTUAL BACKGROUND

Appellant has qualifying service (active and reserve). In November 1990, he applied for outpatient hospital care at a Department of Veterans' Affairs (VA) outpatient clinic. R. at 5. At that time, he completed a financial statement. Based on his income and assets, the VA placed appellant in a category which requires veterans to pay a deductible for hospital care. R. at 24. Appellant takes issue with the income-based test.

## II. ANALYSIS

The Secretary argues that, due to appellant's income and resources, he is ineligible for VA medical care without co-payment. In order for appellant to be eligible for VA hospital care without co-payment, his income in the previous year must not have exceeded the threshold amount set by statute. *See* 38 U.S.C.A. § 1722(b)(1)(B) (West 1991). Moreover, the VA may determine whether it is reasonable for appellant to consume part of his estate corpus for his maintenance. *See* 38 U.S.C.A. § 1722(d)(1). Appellant argues that, because of his service, he had a "contract" with the government to provide health care without co-payment.

It is well settled that veterans have no contractual or vested right to an initial receipt of VA benefits. VA benefits involve no agreement of the parties and "may be redistributed or withdrawn at any time in the discretion of Congress." *Ziviak v. United States,* 411 F.Supp. 416, 422 (Mass.Dist.Ct. 1976) (quoting *Lynch v. United States,* 292

U.S. 571, 577, 54 S.Ct. 840, 842, 78 L.Ed. 1434 (1934)), *aff'd*, 429 U.S. 801, 97 S.Ct. 36, 50 L.Ed.2d 64 (1976).

■ Appellant also asserts that the statutory classification of veterans by their income, and the requirement of co-payment under 38 U.S.C. 1722, violate the due process clause of the Fifth Amendment. While it is true that the creation of invidiously discriminatory statutory classifications in the attempt to conserve government resources cannot be countenanced by the Constitution, "Congress has great latitude in making statutory classifications in social and economic legislation," and "[a] statutory discrimination will not be set aside as violative of equal protection or due process if any state of facts reasonably may be conceived to justify it." *Ziviak*, 411 F.Supp. at 425 (quoting *United States v. Weatherford*, 471 F.2d 47, 51 (7th Cir.1972)).

■ Although here there is a disparity between treatment of veterans whose income and assets are below the established level and those who exceed that level, that disparity has a rational relationship to providing, from limited funds, benefits to needy veterans. The Court finds that the statute requiring co-payment from veterans who exceed a determined income or available wealth does not violate the due process clause.

The September 15, 1992, BVA decision is **AFFIRMED.**